**Raymond A. BURKETT, Petitioner,**

v.

**GENE JONES MOTOR COMPANY, Ohio Casualty Insurance Company, and the State Industrial Commission, Respondents.**

No. 36091.

Supreme Court of Oklahoma.

Oct. 19, 1954.

W. F. Smith, Oklahoma City, for petitioner.

Pierce, Mock & Duncan, Oklahoma City, Joe Francis, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

This is a proceeding by Raymond A. Burkett to review an order of the State Industrial Commission denying compensation on a claim he filed against Gene Jones Motor Company and its insurance carrier, Ohio Casualty Insurance Company. In the claim filed September 11, 1951, said petitioner stated that on the 28th day of July, 1951, while in the employ of said motor company as a salesman, he sustained an accidental injury to his back resulting in some disability to his person.

At the close of the evidence, the Trial Commissioner found: Petitioner did not sustain an accidental injury within the meaning of the Workmen's Compensation Law, 85 O.S. 1951 § 1 et seq., and that the disability he now has did not result from

his alleged accidental personal injury, and on such finding entered an order denying compensation. The order was sustained on appeal to the Commission en banc.

The principal contention of petitioner is that the finding of the Commission and the order based thereon is contrary to all the evidence, and that the order should therefore be vacated.

It is stipulated that respondent motor company carried compensation insurance for its employees and that petitioner is covered by the policy.

Petitioner, in substance, testified that at the time of his injury, he was employed by respondent motor company as an automobile salesman. On that date a customer came to the office of the company to buy a car. He showed him a car and took him for a drive. When they returned, the prospective purchaser asked to try another car. He then showed him another car, opened the front door, and the propective purchaser and his wife thereby entered the car. He then opened the back door and started to get into the car, and as he did so, the driver suddenly started the car, causing it to lunge forward and petitioner was thrown to the other side of the car, striking his head against the car door and falling over on his back on the car's rear seat. After the car had been driven seven or eight blocks, petitioner then told the driver he was sick and requested that he be taken back to the office. When they arrived at the office, petitioner was unable to leave the car. Mr. Gene Jones was then called to the car and petitioner told him he was sick. Mr. Jones then had him taken to a hospital where he remained and was treated for 21 days. Petitioner was then taken, by ambulance, to his home where he remained several weeks before being placed in a convalescent hospital where he remained six weeks. His condition grew slightly better, but he discovered that his right arm and leg were to some extent paralyzed and his left leg and speech were also affected. It was difficult for him to speak and he still had pain in his head, back and arm. He is not able to walk or stand alone and uses a wheel chair.

Petitioner further testified that he sustained an injury to his back in the State of Washington in the year 1941, and sustained an additional injury to his back in Oklahoma in 1948; that he received compensation for each of said injuries but had completely recovered from them and was in good condition when he started working for respondent motor company. The medical evidence establishes that the prior injuries sustained by petitioner have no connection with or bearing upon his present condition.

The medical experts testifying in the case all agree that petitioner is now suffering from paralysis in the right arm and leg, that his left leg and speech are to some extent also affected, and that he is now permanently totally disabled from performing ordinary manual labor. They, however, disagree as to the cause of disability.

One physician who saw and examined petitioner at the hospital on the day he sustained his injury filed a written report of his findings and conclusions in which he stated petitioner has a weakness of his right arm and leg and has difficulty with his speech. When his tongue is pushed out it protrudes to the right indicating a weakness in its right side. He obtained a history of the case from petitioner which conforms substantially to the latter's testimony, and, based on that history and his own examination, concluded that petitioner was suffering from partial paralysis of the right side of the body which he states is likely due to a "cerebral vascular accident", the cause of which could not be determined. Said report concluded that petitioner is permanently totally disabled but expressed no opinion as to the cause of his disability.

Another physician who examined petitioner at his home on the 28th day of February, 1952, testified by reading his previous report, that his examination revealed that petitioner was unable to walk, has difficulty with his speech, has paralysis of his right and left leg, also has atrophy of

his right arm and presents a clear picture of paralysis due to a "cerebral vascular accident", the cause of which is unknown, but which occurred coincidentally with the injury he received on 7–28–51. In the report, this witness further stated: "This man is completely disabled at this time and considering the length of time since the injury it is probable that he will never be able to work again. It is my opinion that he is totally and permanently disabled and that according to the history it is probably due to the accident he sustained on July 28, 1951."

Two other physicians who examined petitioner, after testifying in detail as to conditions they found to exist, stated they found him suffering from paralysis of his right side due to a "cerebral vascular accident" and is now permanently totally disabled. They both expressed the opinion that such disability was not caused by injury or trauma but is due to other causes.

Another physician, who had examined petitioner, also found that he was suffering from paralysis and was permanently totally disabled and stated it was possible, but not probable, that such disability resulted from the accident sustained when petitioner struck his head against the car door.

In petitioner's brief his counsel refers to the fact that all of the physicians testifying in the case stated that petitioner's condition was caused by a "cerebral vascular accident." Only one physician was asked to define that term. He testified that physicians in using that term mean or refer to a cerebral condition in the nature of an "accident" to the (blood vessel) wall. He testified that a man may have a stroke sitting in a chair and the doctor would say that he had a "cerebral vascular accident" but he would be referring to and describing a certain disease, a breaking down of the blood vessel wall causing some hemorrhage.

It is plain from the evidence as a whole that proof that petitioner had a cerebral vascular accident did not necessarily mean that such condition was caused by injury or trauma.

Petitioner further contends that the order should be vacated because of the admission of incompetent evidence over his objection. We have given this matter due consideration, and, while we think the evidence objected to should have been excluded, we are of the opinion that error in its admission is not of sufficient consequence to require a vacation of the award.

The Commission found that petitioner's present disability was not caused by his alleged accidental injury, and, upon such finding, entered an order denying compensation. There is ample medical evidence to sustain such finding and order. The order therefore will not be disturbed on review.

Order sustained.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, ARNOLD and WILLIAMS, JJ., concur.